UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Steven J. Roy</u>

    v.                                                  Civil No. 12-cv-303-JD

<u>William Wrenn at al.</u>[1]

### REPORT AND RECOMMENDATION

    Before this court for a report and recommendation is pro se plaintiff Steven Roy's motion for a preliminary injunction (doc. no. 3). The motion seeks to enjoin the prison from retaliating against him, and to direct the prison to: (1) transfer him back to housing in Medium Custody South in the unit he occupied prior to June 1, 2012; (2) grant him North Yard access; (3) allow a job placement that he contends was improperly blocked by prison staff; (4) mandate compliance with a term of a 2005 order of this court, which Roy asserts will dispel a false rumor that has affected his ability to obtain certain prison jobs and to be

---

[1] Defendants named in the complaint are William Wrenn, New Hampshire Department of Corrections Commissioner; Richard Gerry, New Hampshire State Prison ("NHSP") Warden; and NHSP Major Jon Fouts.

paid for services he has provided; and 5) restore certain other privileges that Roy asserts he possessed until June 1, 2012.[2]

A preliminary injunction is "an extraordinary and drastic remedy that is never awarded as of right."  Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citations and quotation marks omitted).  To obtain preliminary injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'"  Voice of the Arab World, 645 F.3d at 32 (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2948.1 (2d ed. 1995)).  "[I]n most cases, 'irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief.'"  González-Droz v. González-

---

[2] Also pending is a motion to expedite the court's preliminary review of Roy's complaint (doc. no. 4).  That motion will be addressed in a separate order.

Colon, 573 F.3d 75, 79 (1st Cir. 2009) (quoting Charlesbank Equity Fund II, LP v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004)); see also Fed. R. Civ. P. 65(b)(1)(A) (motion for temporary restraining order issued without notice shall state specific facts in affidavit or verified complaint to show that immediate and irreparable injury, loss, or damage will result before adverse party can be heard in opposition).  The burden of proof on a motion for preliminary injunction is on the movant. See Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

   In this action, Roy challenges allegedly retaliatory prison decisions to: 1) block his prison job placement by imposing a two-year restriction on North Yard access; 2) augment, in June 2012, the consequences of a February 2012 disciplinary report to which Roy pleaded guilty; and 3) move him to "less desirable housing" within the state prison, although the warden cancelled that move before it occurred.  In support of his motion, plaintiff asserts that prison officials have a history of retaliatory moves, some of which have resulted in harm to the prisoner.  Roy further asserts that the allegedly retaliatory acts at issue have "escalated" and that the "next step . . . could bring about a move to a dangerous prison location, resulting in bodily harm or death."

The facts alleged by plaintiff fail to show that Roy has suffered or is likely to suffer any irreparable harm in the absence of the injunctive relief he seeks. Plaintiff has not alleged any facts showing that any act is likely to result in harm to him that cannot be compensated by damages if proven, or that he is likely to suffer any irreparable harm in the future. If Roy has improperly been denied work or payment for services rendered, he could recoup lost income with damages. As to Roy's assertion that prison officials had decided to transfer him to a "less desirable," and potentially dangerous housing, the fact that the warden cancelled the transfer before it occurred undermines the contention that an imminent transfer is likely, unless an injunction is issued. Roy has failed to show that irreparable harm is likely to occur if the requested injunction does not issue.

## Conclusion

For the foregoing reasons, and without comment on the merits of the underlying claims, the court recommends that the motion for a preliminary injunction (doc. no. 3) be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                      _____
                                                      Landya McCafferty
                                                      United States Magistrate Judge

August 30, 2012

cc: Steven J. Roy, pro se

LBM:nmd