UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven J. Roy

    v.                                Civil No. 12-cv-303-JD

William Wrenn, et al.


O R D E R

    Steven J. Roy, proceeding pro se, brings a federal claim under 42 U.S.C. § 1983 that the defendants retaliated against him in violation of the First Amendment by initiating a false disciplinary charge against him and finding him guilty on the charge without required due process and a state claim of intentional infliction of emotional distress. Roy filed a motion asking the court to order the defendants to preserve certain evidence. The defendants object to the motion on the grounds that on May 15, 2013, counsel for the defendants made a request that the evidence be preserved, which was discussed at the scheduling conference, and that Roy has not requested discovery in a proper manner.[1]

    Roy asks the court to order the defendants to preserve "[v]ideo records from the (three?) cameras from Medium Custody

---

[1] Parts of the defendants' objection are so poorly written as to be incomprehensible. See ¶ 1.

South Unit during the times relevant to the 7/3/2012 DR (essentially from 5/1/2012 to 7/2/2012)" and "[e]-mail records involving both the plaintiff AND inmate Randy Duquette dating from 6/13/2008 forward."  Counsel for the defendants represents that the evidence Roy wants to have preserved, if it existed on May 15, 2013, when counsel asked that it be preserved, has been preserved.  Therefore, to the extent Roy merely asks to have the evidence preserved, that request appears to be moot.

To the extent Roy is seeking discovery from the defendants, he must follow the required procedures under Federal Rules of Civil Procedure 26, 30, 31, 33, 34, and 36 and abide by the limitations imposed by the rules and the scheduling order in this case.  Interrogatories should be addressed to a specific defendant.  Fed. R. Civ. P. 33(a).  Requests for production of documents or other things must also be addressed to a specific defendant.  Fed. R. Civ. P. 35(a).  In their objection, the defendants refer to the possibility of sending a subpoena to the New Hampshire Department of Corrections for particular records.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for an order to preserve evidence (document no. 40) is denied as moot.

SO ORDERED.

                                                /s/ Joseph A. DiClerico, Jr.
                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

June 25, 2013

cc:   Steven J. Roy #68033
       Nancy J. Smith, Esquire