UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven J. Roy

   v.                                          Civil No. 12-cv-303-JD
                                              Opinion No. 2013 DNH 113

William Wrenn, Commissioner
of the New Hampshire Department
of Corrections, et al.


O R D E R

Steven J. Roy, who is incarcerated and proceeding pro se and in forma pauperis, filed a civil rights action against the New Hampshire Department of Corrections, Commissioner William Wrenn, New Hampshire State Prison Warden Richard Gerry, and New Hampshire State Prison Major Jon Fouts. Roy now moves for leave to amend his amended complaint to add five new defendants and seven new claims, most of which pertain to new allegations of copyright infringement. The defendants object to Roy's motion for leave to amend on the grounds that the new claims and defendants do not meet the requirements for joinder and will not survive review under 28 U.S.C. § 1915A.


Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the complaint] when justice so

requires." The liberal standard under Rule 15(a)(2) does not mean that all requests to amend will be granted. Manning v. Boston Med. Ctr. Corp., --- F.3d ---, 2013 WL 3942925, at *22 (1st Cir. Aug. 1, 2013). Instead, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

A proposed amendment to a complaint is futile if, as amended, "the complaint still fails to state a claim." Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). Therefore, review for futility is identical to review under Federal Rule of Civil Procedure 12(b)(6). Edlow v. RBW, LLC, 688 F.3d 26, 40 (1st Cir. 2012).

Further, when, as here, the plaintiff is a prisoner proceeding in forma pauperis, the court must screen the claims before allowing the action to proceed. 18 U.S.C. §§ 1915(e)(2)(B) & 1915A; Villar v. Buttermore, 2013 WL 3945914, at *5 (D.N.H. July 31, 2013). The standard used for review under § 1915(e)(2) and § 1915A, to determine whether the complaint should be dismissed for failing to state a claim, is the same standard as is used for a motion under Federal Rule of Civil Procedure 12(b)(6). Villar, 2013 WL 3945914, at *5; see also

Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013).  For purposes of screening, the court construes pro se pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), but the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Under the plausibility standard, the court does not consider conclusory legal allegations and conclusions.  Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012).

## Background

Roy filed suit on August 7, 2012, and filed an amended complaint on September 5, 2012.  He also sought a preliminary injunction.  On preliminary review, the magistrate judge issued reports and recommendations to deny the motion for a preliminary injunction and to dismiss the action, which were approved.  In response to Roy's motion for reconsideration, the court allowed his claim under 42 U.S.C. § 1983 that Wrenn, Gerry, and Fouts retaliated against him in violation of the First Amendment.  The court also allowed Roy's state law claim of intentional infliction of emotional distress.

Roy filed a motion for leave to amend the amended complaint on July 5, 2013.  In support of the motion, Roy states that while

in prison he designed, wrote, and copyrighted software, known as "JOINT", with another inmate, William Johnson. He further states that he knew that the prison was infringing the copyright but lacked evidence to support the claim because "the defendants and their agents took <u>affirmative steps to hinder</u> his ability to detect and litigate their infringement of his copywritten software." Roy represents that he learned on May 13, 2013, that the defendants might still be using his software. He then alerted defense counsel and sent a "'cease and desist' demand to the staff member who was overseeing the infringing."

In the proposed second amended complaint, Roy alleges eight claims, primarily pertaining to the JOINT software that he claims to have developed with William Johnson and the copyright that he asserts.[1] Without differentiating among the defendants, Roy asserts claims of copyright infringement, retaliation against him for asserting his copyright, conspiracy to infringe his copyright, criminal copyright infringement, misappropriation or unjust enrichment (for use of copyrighted software), loss or damage to his legal materials, and intentional infliction of

---

[1]In his reply to the defendants' objection, Roy adds a ninth claim for relief that Wrenn violated the Ex Post Facto Clause. The claim pertains to allegations that the prison changed its policy in the spring of 2013 so that hooded sweatshirts would be deemed contraband as of January 1, 2014. Claims cannot be alleged in a reply.

emotional distress.[2]  In claim four, Roy alleges that Lieutenant James Brown failed to protect him from danger caused by another inmate.

Roy explains in support of his motion for leave to amend that the transaction that was at the core of his claims in the amended complaint was the allegedly false disciplinary report. Based on more recent events, however, Roy has changed the focus of his claims from the allegedly false disciplinary report to infringement of his copyright.  He now believes that the allegedly false disciplinary report was part of the defendants' efforts to cover up the infringement.  Therefore, Roy's claims in the second amended complaint are mostly based on the alleged copyright infringement.

## Discussion

Roy moves for leave to amend the amended complaint to add new parties and new claims pertaining to alleged copyright infringement.  The government opposes the motion, arguing that under Rules 18(a) and 20, Roy's new claims should not be allowed and also asserts that the new claims will not survive review under 28 U.S.C. § 1915A.

---

[2]In his reply to the defendants' objection, Roy assigns particular defendants to his new proposed claims.

Under Rule 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Given the breadth of Rule 18, misjoinder of claims is no longer a viable issue in federal practice.  6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal Practice & Procedure</u> § 1582 (3d ed. 2010).  Under Rule 20(a)(2), however, defendants may be joined in one action only if the claims are asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims involve one or more common questions of law or fact.  Therefore, Rule 20(a)(2) does not allow joinder of different defendants with unrelated claims against them.  <u>Diaz v. Spencer</u>, 2013 WL 1759013, at *3 (D. Mass. Apr. 22, 2013).

The defendants currently in the case are Wrenn, Gerry, and Fouts.  Roy has only two remaining claims:  (1) a § 1983 claim that the defendants retaliated against Roy in violation of the First Amendment by initiating a false disciplinary charge against him and finding him guilty on the charge without required due process because Roy filed a grievance threatening litigation and (2) a state law claim of intentional infliction of emotional distress based on the disciplinary charge.

A.  <u>Federal Claims</u>

The only federal claim that was allowed in Roy's amended complaint is his First Amendment retaliation claim that the defendants retaliated against him because he filed a grievance. In the proposed second amended complaint, Roy alleges a new retaliation claim based on his copyright notice in the JOINT software.  Roy also alleges federal claims of copyright infringement against a new defendant.

1.  <u>Retaliation</u>

In his amended complaint, Roy alleges that the defendants retaliated against him for filing a grievance by fabricating anonymous false accusations, moving him to SHU, filing a false disciplinary report, providing an insufficient hearing, and attempting to move him to the Northern Correctional Facility. In his proposed second amended complaint and in support of his motion for leave to amend, however, Roy explains that he has learned that the notice of his copyright in the JOINT software was the motive for the defendants' retaliation.  As such, Roy seeks to pursue a new retaliation claim based on different occurrences that refutes the grounds alleged previously.

Based on the allegations in the proposed second amended complaint and Roy's statements supporting his motion for leave to

amend, the retaliation claim in the amended claim is no longer viable.  Therefore, the retaliation claim as alleged in the amended complaint is dismissed.

Roy's First Amendment retaliation claim is Claim #2 in the proposed second amended complaint:

> Defendants performed a series of overt acts designed to enable them to control JOINT and/or conceal their infringement of JOINT.  The overt acts included ejecting Johnson from the North Yard on 3/8/2012, ejecting the plaintiff from the North Yard on 6/4/2012, imposing a false DR and SHU trip on the plaintiff on 7/3/2012 (with a total failure to investigate), firing Johnson on 7/12/2012, and blacklisting the plaintiff from being "anywhere near computers" in August 2012.  These acts retaliated for the plaintiff and Johnson asserting a copyright in JOINT.

"[T]he First Amendment bars retaliation for protected speech."  Crawford-El v. Britton, 523 U.S. 574, 593 (1998); D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 41 (1st Cir. 2012).  To state a First Amendment retaliation claim, a plaintiff must allege facts to show "that (1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendants, and (3) the protected conduct was a substantial or motivating factor in the adverse action."  D.B. ex rel. Elizabeth B., 675 F.3d at 43.

The protected speech Roy alleges is a notice of copyright included in the JOINT software.  Some speech and expressive actions such as filing grievances and legal actions, as alleged

in the amended complaint, are protected activity.  Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011).  A notice of a copyright, standing alone, however, does not appear to implicate First Amendment protections.[3]

In addition, Roy's allegations about actions taken by the defendants do not show retaliation.  Any actions against Johnson are inapposite to retaliation against Roy.  Further, as alleged, the claim is that the defendants took certain actions to control the JOINT software and to conceal infringement, not to retaliate against Roy for asserting a copyright.  Although Roy includes a conclusory statement that the actions are retaliatory, his factual allegations do not support that cause of action.  Therefore, Roy has not alleged that the defendants took adverse actions against him because he engaged in constitutionally protected conduct.

Roy has not stated a claim for First Amendment retaliation as alleged in Claim #2 of the proposed second amended complaint.  Because the retaliation claim alleged in the amended complaint is dismissed, no actionable § 1983 claim is alleged.

---

[3]The Copyright Act and related legislation protect copyrights.  See Eldred v. Ashcroft, 537 U.S. 186, 219-21 (2003). The relationship between the Copyright Act and the First Amendment is complex and involves issues not raised here.  See Golan v. Holder, 132 S. Ct. 873, 889-90 (2012).

   2.  Infringement Claims

   Roy alleges copyright infringement and criminal copyright infringement against Fred Nichols, Director of GraniteCor Industries in Claims 1 and 5.[4]  Fred Nichols is a new defendant, and copyright infringement is a new occurrence that is unrelated to the claims against the original defendants, Wrenn, Gerry, and Fouts.  Therefore, Nichols is not properly joined in this action under Rule 20(a)(2).

   3.  Other Claims

   Roy alleges that an officer at the New Hampshire State Prison, Lieutenant Brown, failed to protect him from the inmate who brought the charges against Roy which lead to the allegedly false disciplinary report.  The legal basis for the claim is not apparent.  To the extent that Roy intended to allege a federal claim under § 1983 that Brown violated his Eighth Amendment right to be protected from serious harm, he has not alleged facts to support that claim.  See Farmer v. Brennan, 511 U.S. 815, 834 (1994) (requiring deliberate indifference to prisoner's right to protection).

---

   [4]No private right of action exists to enforce criminal copyright infringement.  See Kelly v. L.L. Cool J., 145 F.R.D. 32, 39 (S.D.N.Y. 1992).

10

In the proposed second amended complaint and in his reply to the defendants' objection to his motion to amend, Roy discusses his theory that Wrenn violated the Ex Post Facto Clause in Article 1 of the Constitution by announcing a new policy that would ban hooded sweatshirts in the prison as of January 1, 2014. Roy did not allege a claim based on those allegations, however. In any case, the potential change in policy has not yet occurred, making Roy's claim premature.

B.  <u>State Law Claims</u>

The remaining claims in the second amended complaint are brought under state law.[5] Because Roy does not allege a viable federal claim in his proposed second amended complaint, the court would decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

The only federal claim that was alleged in the amended complaint, the First Amendment retaliation claim against Wrenn, Gerry, and Fouts is dismissed for failure to state a claim based on the allegations in the proposed second amended complaint.

---

[5] Roy's claim of conspiracy to infringe his copyrights is a state law claim that is preempted by the Copyright Act. <u>Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd.</u>, 682 F.3d 292, 312 (4th Cir. 2012).

Therefore, the court also declines to exercise supplemental jurisdiction over the intentional infliction of emotional distress claim alleged in the amended complaint.  <u>See</u> § 1367(c)(3).

## Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a second amended complaint (document no. 49) is denied.

The remaining federal claim in the case, alleging First Amendment retaliation based on a grievance, is dismissed for failure to state a claim.

The court declines to exercise supplemental jurisdiction over the plaintiff's claim for intentional infliction of emotional distress, which is dismissed without prejudice.

The defendants' motion to dismiss official capacity claims (document no. 42) is terminated as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 27, 2013

cc: Steven J. Roy #68033, pro se
    Nancy J. Smith, Esquire